UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRANDON BURKS,

    Petitioner,

v.                                              CASE NO. 6:12-cv-65-Orl-19DAB

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

Rather than submitting a petition for writ habeas corpus relief under 28 U.S.C. section 2254, Petitioner filed a motion for enlargement of time to do so (Doc. No. 1). However, the Court cannot interpret Petitioner's request for an extension as commencing a federal habeas corpus action under section 2254.[1] An application for writ of habeas corpus must be in the form of a petition and must specify each ground for relief available to the petitioner and the factual basis for each ground for relief. *See* Rule 2(c) and (d) of the Rules Governing Section 2254 Cases in the United States District Court (hereinafter referred to as the "Habeas Rules"). Petitioner's motion only requests an extension of time to file a section 2254 petition; it sets out neither the grounds for habeas relief nor the facts in

---

[1] Neither the Habeas Rules nor the Federal Rules of Civil Procedure contemplate the filing of a motion for extension of time to file a federal habeas petition.

support.

To the extent Petitioner seeks an extension of the federal one-year statute of limitations, his motion fails to present a case or controversy.  Federal courts "do not sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]."  *Princeton University v. Schmid*, 455 U.S. 100, 102.  Instead, a party seeking to invoke federal subject-matter jurisdiction must present a justiciable case or controversy.  *Juidice v. Vail*, 430 U.S. 327, 331 (1977).  In the present case, there is no adverse party before the Court, nor is there a concrete dispute for the Court to decide.  Absent a "case or controversy," the Court lacks subject-matter jurisdiction to grant any relief.[2]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Petitioner's Motion for Enlargement of Time (Doc. No. 1) is **DENIED**, and this case is **DISMISSED** without prejudice.

2.  The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this __20th_ day of January, 2012.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

[2]The Court does not express any opinion as to the timeliness or untimeliness of any federal habeas petition that Petitioner may file at a later date.

2

Copies to:
OrlP-2 1/20
Brandon Burks